UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAWN PATTON,                                          Case No. 1:15-cv-43

      Plaintiff,                                    Judge Timothy S. Black

vs.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, *et al.*,

      Defendants.

**ORDER GRANTING PLAINTIFF'S REQUEST FOR DISCOVERY (Doc. 10)**

      This civil action is before the Court on Plaintiff's motion for discovery (Doc. 10)

and the parties' responsive memoranda (Docs. 11, 12).

## I.      BACKGROUND FACTS AND PROCEDURAL POSTURE

      This is an ERISA case involving Plaintiff's demand for and Defendants' denial

of group accidental benefits under the two insurance policies provided to her deceased

husband, Richard Patton, who was an eligible Givaudan Corporation employee.  This

insurance was part of his fringe benefit package at the time of his death.

      Givaudan's Plan Administrator delegated the decision to an ERISA committee

comprised of representatives from the two Defendants.[1]  Plaintiff argues, therefore, that

---

[1] Defendant American International Group, Inc. provides group accidental insurance to
beneficiaries who are situated within this judicial district.  (Doc. 1 at ¶ 2).  They also contract
with various employers within this judicial district, including Givaudan Corporation, to
administer accidental insurance plans offered by Givaudan Corporation to its employees.  (*Id*.)
Defendant National Union Fire Insurance Company of Pittsburgh, PA is a subsidiary of
Defendant AIG which provides, in conjunction with AIG, group accidental insurance to
beneficiaries who are situated in this judicial district.  (*Id*. at ¶ 3).

this creates an inherent conflict of interest because the decision-makers are the same entities that have to pay the insurance benefits.

## II.     ANALYSIS

The general rule is that the district court only considers "evidence that was first presented to the administrator" when it made the original decision to deny benefits. *Wilkins v. Baptist Health Care Sys.*, 150 F.3d 609, 618 (6th Cir. 1998).  That evidence is designated as the "administrative record."  *Kalish v. Liberty Mut.*, 419 F.3d 501, 508 (6th Cir. 2005).  Therefore, generally, discovery is not permitted in an ERISA denial-of-benefits case.  *Id.*

### A.     Conflict of Interest

There are exceptions to the no-discovery rule, however.  First, there is an exception when the plan administrator has a conflict of interest.  *Wilkins*, 150 F.3d at 618.  A district court may consider evidence outside the administrative record if "that evidence is offered in support of a procedural challenge to the administrator's decision, such as…alleged bias on its part."  *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 430 (6th Cir. 2006).  The Sixth Circuit has held that a company has a "conflict of interest" when, as "administrator, it interprets the plan, deciding what expenses are covered, and as issuer of the policy, it ultimately pays those expenses."  *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir. 1998).

In *Johnson v. Connecticut Gen. Life Ins. Co.*, 324 F. App'x 459 (6th Cir. 2009), the Sixth Circuit explained that the district court has "discretion" on whether to allow discovery in an ERISA case.  *Id.* at 467.  The "significance of the conflict" of interest

depends "on the circumstances of each case." *Id.*  At one end of the spectrum, a "conflict

of interest 'should prove more important (perhaps of great importance) where

circumstances suggest a higher likelihood that it affected the benefits decision.'" *Id.*  At

the other end, a conflict should prove "less important (perhaps to the vanishing point)

where the administrator has taken active steps to reduce potential bias and to provide

accuracy." *Id.*

Plaintiff alleges Defendants lack of impartiality is demonstrated on the face of the

administrative record because they failed to conduct a due diligence investigation.  (Doc.

10 at 4).  Specifically, the administrative record notes the following:

1. This claim involves the accidental death of Richard Patton who was operating an ATV.

2. Two witnesses were following Richard Patton on another ATV prior to the accident.

3. There were no eyewitnesses to the actual accident.

4. The Defendants only relied upon the Proof of Loss Accidental Death Claim form dated July 19, 2013, Ohio Certificate of Death, Supplementary Medical Certification, Pike County Sheriff's Office Report, Pike Community Hospital Records, Pike County Emergency Medical Services Report, Adena Pike Medical Center Laboratory Report. The administrative record does not even include the very brief handwritten statements provided to the Pike County Sheriff's Office from the two witnesses who were following Mr. Patton's ATV.

5. There was no autopsy or coroner's report.

6. Defendants failed to interview other witnesses who were with Richard Patton that evening prior to the accident.

7. Defendants completely ignored the requirement that they had to locate evidence that the alleged intoxication caused the accident.

8.     Authority was granted to the adjuster by the Defendants to deny the accidental death benefits based upon Exclusion 7 in the policies for the sole reason that Mr. Patton's blood alcohol level was above the legal limit.

(Doc. 9 at 101, 103, 109, 111, 127, 137, 162, 170, 171, 173).  Plaintiff argues that these facts evidence that Defendants did the minimum when investigating this accident.  (Doc. 10 at 6).  Specifically, once they reviewed the blood alcohol report they denied the claim. (*Id.*)  Plaintiff maintains that the Defendants ignored the specific language in the exclusions contained in their policies which require that they prove that Mr. Patton's blood alcohol level was the cause of the accident.  (*Id.*)  While Defendants stated that Mr. Patton was driving erratically due to his alleged intoxication, they provide no evidence supporting this fact.  (Doc. 9 at 128, 138, 174).

Defendant argues that Plaintiff "provides nothing besides a bare allegation of bias" which is insufficient to permit discovery.   (Doc. 11 at 3).  This Court disagrees.  Plaintiff has made more than a "mere allegation" that a conflict of interest exists, because there is evidence that the administrator of the Plan "may favor their financial and profit-making interests over the best interests of the plan participants."  *Peruzzi*, 137 F.3d at 433. Accordingly, Plaintiff is entitled to discovery on the conflict of interest/bias issue.

**B.    Due Process**

A plaintiff is also entitled to ERISA discovery when the plan administrator does not provide due process.  *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 430 (6th Cir. 2006).  The due process requirements provide that the plan administrator must state a "full and fair review."  29 C.F.R. § 2560.503-1(h)(2).  A full and fair review means that

the plan administrator shall provide copies of "all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). When an administrator fails to provide copies of all documents requested by a claimant, it is a violation of 29 C.F.R. § 2560.503-1(h)(2)(iii).

Plaintiff explains that the administrative record did not include all documents that were relevant to the claim. Accordingly, Plaintiff has alleged sufficient facts to maintain a due process violation and is therefore entitled to discovery on the issue.

### C.    Scope of Discovery

Plaintiff states that "[t]he only reason [she] seeks additional discovery is to solidify her claim that Defendants' denial of benefits was motivated by its conflict of interest." (Doc. 12 at 3). The Court finds that Plaintiff is entitled to discovery on the conflict of interest and allegation of bias, but nothing more.

### III.    CONCLUSION

Accordingly, for these reasons, Plaintiff's motion for discovery (Doc. 10) is **GRANTED**.

**IT IS SO ORDERED**.

Date:  7/2/2015

_/s/Timothy S. Black_____
Timothy S. Black
United States District Judge

5